WELLS AND OTHERS vs. B. & C. WELLS.

A testator devised property to certain legatees, with a condition that if "either of such legatees should die before coming of age, or marriage, the portion of such legatee should be equally divided among the others."

Held:—

That such limitation only extends to that contingency which may first happen; and where one married, and then died before coming of age, the limitation as to that estate would not apply.

ERROR to St. Charles Circuit Court.

SCOTT, J., *delivered the opinion of the Court.*

This was a proceeding in partition, and the question in the cause arises under the following state of facts: Samuel Wells died possessed of considerable property, real and personal. He had twelve children, six by a former, and six by his last wife. By his will he devised most of his property to his children by the last wife, giving the children by his first wife small legacies, alleging that those legacies made the portions formerly received by them equal to those given the children by the last wife. After devising his property among the six children by the last wife, he directed "that should either of the said six children die before they came of age or married, the property of such deceased child to be equally divided between the survivors." One of these children, a daughter, married under age, and died before she was twenty-one, without leaving any children or their descendants. The question arising under this state of facts is, whether the portion of the real estate belonging to this child, and acquired under the will, went exclusively to

13

her brothers and sisters of the whole blood, or whether they took it jointly with the brothers and sisters of the half blood. The Circuit Court determined that her portion of the real estate, acquired by the will, went to the brothers and sisters of the whole blood, and made partition accordingly; and from this judgment this writ of error has been sued out.

Our statute prescribes that all Courts, and others concerned in the execution of last wills, shall have due regard to the direction of the will, and the true intent and meaning of the testator in all matters brought before them. This provision is declaratory of a principle which the Courts have always regarded in the construction of wills. But under it, it has never been allowed to make a will for a testator. We cannot substitute ourselves for the testator, and say what he would have done under a concurrence of circumstances, not foreseen at the time of the execution of the will. The intention of the testator must be collected from the will itself. In cases of ambiguity, the circumstances under which a will is made, have been received to explain it. But this is never permitted when there is no doubt, or in order to raise a doubt.

But for the clause in the will which has been recited, it is clear that the land in controversy would have been inherited, in part, by the children of the half blood. If they are excluded, it must be by the limitation above expressed. The limitation over to the surviving children, by the last marriage, was in the event of any of them dying under age or unmarried. The child whose portion of the real estate is sought, in part, her brothers and sisters, of the half blood, did, it is true, die under age, but not unmarried. There were two events, either of which would free the estates of the children by the last marriage from any contingency, namely, the dying under age or marrying. I know not on what principle the limitation on a child's estate would be continued after a marriage under age, until his majority. Such a construction would, in the event of a child's dying under age, leaving children, exclude them from the inheritance, which surely could never have been intended. The clear implication from the will is, that by attaining a majority, or marrying, the estate of a child was freed from any limitation and became absolute. The other Judges concurring, the judgment will be reversed, and the cause remanded.