OVERTON & WIFE, Respondents, vs. DAVY'S EXECUTOR, Appellant.

1. A will contained this clause: "I wish all my money placed out on interest, on undoubted security, so that the interest may support my children not of age, until they become of age or marry." Held, upon the marriage of one of the daughters, she became immediately entitled to her distributive share, although other children were not of age or married.

*Appeal from Jackson Circuit Court.*

This was a proceeding, originating by petition in the county court for an order upon the executor of Cornelius Davy, to pay over to Overton and wife, the petitioners, the wife's distributive share of certain moneys in the hands of said executor. The order was made, and the executor appealed to the Circuit Court.

The following facts were agreed upon: Davy died in 1852, leaving a last will. The clause upon which this controversy

turns is contained in the opinion of the court. He left five children, one of whom, Elizabeth, after his death, married Overton, the petitioner, and three of whom were still minors and unmarried. Overton and wife have a child living. More than one year of the administration on Davy's estate had elapsed when this proceeding was commenced, all the debts of the testator and specific legacies had been paid, and there remained in the hands of the executor the sum of $29,675.

The Circuit Court affirmed the judgment of the county court, and the executor appealed to this court.

*Smart & Sheley*, for appellant, contended that the money could not be distributed until the youngest child became of age or married.

*J. B. Hovey*, for respondent, insisted that Elizabeth became entitled to her share immediately upon her marriage.

RYLAND, Judge, delivered the opinion of the court.

The proper construction of the will of Cornelius Davy, deceased, is the only point in this case for the consideration of this court.

The clause in the will about which the present controversy arose, is as follows: "I wish all my money placed out on interest, on undoubted, unquestionable security, so that the interest may support my children not of age, until they become of age or marry; though my son, Allen, is of age, I wish his portion to be withheld until his habits be reformed, of which change my administrators will be the proper judges."

The petitioners, Overton and his wife, who is a daughter of Davy, were married on the 21st of April, 1852, after the death of said Davy. They assert that Elizabeth's interest became vested, under her father's will, at her marriage with Overton; and that they are entitled now to a distributive share of said money. The defendant, Waldo, as executor, denies this, and claims the right to hold the money at interest until the youngest child becomes of age or marries.

The county court ordered the executor to pay to the petition-

ers their distributive share of the money, being one-fifth part of about $30,000, all the debts and special legacies having been already paid off. The Circuit Court, in effect, affirmed the decision of the county court. The executor, not satisfied with these judgments, appeals to this court.

1. That the plaintiffs are entitled to their distributive share cannot admit of a moment's doubt. Why should the courts be called on to reject the words, " or marry," in the above clause ? Why not reject also the first clause of the limitation, " until they become of age?" There is as much ground for the one as for the other. A plain man of common understanding cannot miss the meaning of this sentence in this will.

The testator designed to keep his money out on interest, on good security, and designed to rear and support his children with the interest arising thereon, until they should become of age or marry, respectively.

It would be a strange construction to say that this means until his youngest child should become of age, or until his youngest child should marry. Whichever event should happen first to any of his children, except Allen, the becoming of age or the marriage, then such child should be entitled to his or her distributive share. In *Wells et al.*, v. *Wells et al.*, (10 Mo. Rep. 193,) this court held, where a testator devised property to certain legatees, with a condition that, if " either of such legatees should die before coming of age, or marriage, the portion of such legatee should be equally divided among the others," that such limitation only extended to that contingency which may first happen ; and where one married, and then died before coming of age, the limitation, as to that estate, would not apply. The court, in that case, said, there were two events, either of which would free the estates of the children by the last marriage from any contingency, namely, the dying under age, or marrying. " I know not, said Judge Scott, " on what principle the limitation on a child's estate would be continued after marriage under age, until his majority. Such a construction would, in the event of a child's dying

under age, leaving children, exclude them from the inheritance, which, surely, could never have been intended. The clear implication from the will is, that by attaining a majority or marrying, the estate of a child was freed from any limitation, and became absolute." Apply the principles of this case to the one before us, and there cannot be a doubt as to the propriety of the judgment of the court below. The judgment below is affirmed ; Judge Scott concurring.